Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Attorney of Record: Amy Bennecoff Ginsburg (AB0891)
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **URSULA CLAY,** | ) Case No.: |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **SANTANDER CONSUMER USA, INC.,** | ) **JURY TRIAL DEMANDED** |
|  | ) |
| Defendant. | ) |
|  | ) |

## **COMPLAINT**

URSULA CLAY ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SANTANDER CONSUMER USA, INC. ("DEFENDANT"):

### **INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### **JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 28 U.S.C. §1331. <u>See Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant regularly conducts business in the State of New Jersey, thus, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.  Plaintiff is a natural person residing in Camden, New Jersey 08105.

7.  Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.  Defendant is a corporation with its principal place of business located at P.O. Box 961245, Fort Worth, TX 76161.

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. Plaintiff has a cellular telephone number that she has had for over one year.

11. Plaintiff has only used this number as a cellular telephone number.

12. Beginning in August 2014, Defendant placed repeated telephone calls to Plaintiff's cellular telephone.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or pre-recorded voice.

14. Plaintiff knew Defendant was utilizing an automatic telephone dialing system because she would be put on hold before the calls would be transferred to Defendant's representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was attempting to speak to an unknown third party named Hakeem Rose

16. In August 2014, Plaintiff spoke to Defendant and informed them that they had the wrong phone number and to stop calling her regarding the unknown third party.

17. Defendant heard and acknowledged Plaintiff's request by responding that they "wouldn't call anymore."

18. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

19. Defendant continued to place two (2) to three (3) calls to Plaintiff's cellular telephone per day after August 2014.

20. Plaintiff received automated voice messages regarding the unknown third party, Hakeem Rose.

21. Defendant placed seventy-eight (78) calls to Plaintiff's cellular telephone as of June 3, 2015.

22. Plaintiff received over one hundred (100) calls since she told Defendant to stop calling her in August 2014.

23. Upon information and belief, Defendant conducts business in a way which violates the Telephone Consumer Protection Act.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

24. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

25. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

26. Defendant's calls to Plaintiff were not made for emergency purposes.

27.     Defendant's calls to Plaintiff, on and after August 2014, were not made with Plaintiff's prior express consent.

28.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

29.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

30.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, URSULA CLAY, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

b.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

c.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.   Any other relief deemed appropriate by this Honorable Court.

- 4 -
PLAINTIFF'S COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, URSULA CLAY, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L.CIV.R.11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

DATED: April 19, 2016

By: /s/ Amy Lynn Bennecoff Ginsburg
Amy Lynn Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: (215) 540-8888
Facsimile (215) 540-8817
Email: aginsburg@creditlaw.com
Attorney for Plaintiff